1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In Re:

SAUK-SUIATTLE INDIAN TRIBE,

            Plaintiff,

    v.

CITY OF SEATTLE and SEATTLE CITY
LIGHT, a subdivision of the City of Seattle,

          Respondents.

Case No. _____

**NOTICE OF REMOVAL TO
FEDERAL COURT**

**[CLERK'S ACTION REQUIRED]**

***[Skagit County Superior Court
Case No. 21-2-00386-29-1]***

17

18

19

20

21

22

23

24

25

26

TO:        Clerk, United States District Court for the Western District of Washington;

AND TO:    Plaintiff SAUK-SUIATTLE INDIAN TRIBE;

AND TO:    Jack W. Fiander, Towtnuk Law Offices, Ltd., Sacred Ground Legal Services, Inc.

      PLEASE TAKE NOTICE that The City of Seattle and Seattle City Light[1] (hereinafter "City Light"), by and through its undersigned counsel, hereby removes Case No. 21-2-00386-29-1, filed in the Superior Court for the State of Washington for the County of Skagit, to the United States District Court for the Western District of Washington (Seattle Division),

---

[1] Seattle City Light is a department of the City of Seattle and not a separate legal entity.

NOTICE OF REMOVAL TO FEDERAL COURT
Case No. _____     1

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

pursuant to 16 U.S.C. § 825p and 28 U.S.C. §§ 1331, 1367, 1441, and 1446.  In support of this removal, City Light states as follows:[2]

## I.    STATE COURT ACTION

1.     On or about June 30, 2021, Plaintiff Sauk-Suiattle Indian Tribe ("Plaintiff") filed a Summons and Complaint captioned *Sauk-Suiattle Indian Tribe v. Seattle City Light*, in the Superior Court of the State of Washington for the County of Skagit (the "State Court Action").  On or about July 27, 2021, Plaintiff filed an Amended Complaint, which is captioned *Sauk-Suiattle Indian Tribe v. City of Seattle and Seattle City Light, a subdivision of the City of Seattle.*

2.     In its Amended Complaint (*see* Exhibit A), Plaintiff seeks a declaratory judgment that the "presence and operation" of City Light's Gorge Dam on the Skagit River (1) "violates the Supremacy Clause of the United States Constitution" because City Light is allegedly "subject to the prohibitions against dams that block fish migration contained in Congressional Acts binding within what is now the State of Washington" (Am. Compl. ¶ 6.B.; *id.* ¶ 5.B.), (2) violates "the Washington State Constitution in that the [Congressional] statutes governing the Territories of Oregon and Washington imposed a prior restriction against such dams [that] was not repealed" (Am. Compl. ¶ 5.A.; *id.* ¶ 6.A.), (3) violates the "common law" "as memorialized in RCW 4.04.010" (Am. Compl. ¶ 5.C.; *id.* ¶ 6.C.), and (4) constitutes a nuisance (Am. Compl. ¶ 5.D.; *id.* ¶ 6.D.).

## II.    BACKGROUND AND SUMMARY OF AMENDED COMPLAINT

3.     City Light operates the Gorge Dam at Newhalem on the Skagit River.  Am. Compl. ¶ 4.A. The Gorge Dam is one of three dams that form part of City Light's Skagit

---

[2] City Light expressly preserves all objections under Federal Rule of Civil Procedure Rule 12(b).  *See* Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1395 (3d ed. 2002) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'") (quoting *Greenburg v. Gianni*, 140 F.2d 550, 553 (2d Cir. 1944)).

NOTICE OF REMOVAL TO FEDERAL COURT
Case No. _____        2

River Hydroelectric Project, FERC Project No. 553 (the "Project") on the Skagit River, as licensed by the Federal Energy Regulatory Commission ("FERC"). *See City of Seattle, Washington, U.S. Department of Interior*, Project No. 533-005, Docket No. EL78-36-000, 71 FERC P61,159, 1995 FERC LEXIS 953 (May 16, 1995) (Order Accepting Settlement Agreement, Issuing New License, and Terminating Proceeding) (sometimes referred to herein as the "Federal License"). City Light is the owner, operator, and licensee of the Project. *Id*. at **61,538-39.

4.   By virtue of the Federal Power Act ("FPA"), FERC has broad and exclusive jurisdiction to regulate the Project. *See* 16 U.S.C. §§ 791a, *et seq.*; *California v. FERC*, 495 U.S. 490, 496, 110 S. Ct. 2024 (1990) (holding that the FPA establishes a "broad federal role in the development and licensing of hydroelectric power"). Specifically, the FPA authorizes FERC "to issue licenses . . . for the purpose of constructing, operating, and maintaining dams, water conduits, reservoirs, power houses, transmission lines, or other project works necessary or convenient . . . for the development, transmission, and utilization of power across, along, from, or in any of the streams or other bodies of water over which Congress has jurisdiction." 16 U.S.C. § 797(e).

5.   Plaintiff is a tribal nation (*see* Am. Compl. ¶ 2.A.), that, in the State Court Action, challenges the "presence and operation" of City Light's Gorge Dam pursuant to its Federal License as part of the Skagit Project. *See id*. ¶¶ 5.A., 5.B., 5.C., 5.D.

### III.   BASIS FOR JURISDICTION

6.   "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). This court has original jurisdiction to hear actions arising under the laws of the United States pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over "all claims that are so related to claims" over which it has original jurisdiction "that they form part of the

NOTICE OF REMOVAL TO FEDERAL COURT
Case No. _____         3

same case or controversy under Article III of the United States Constitution." 28 U.S.C.

§ 1367(a).

### A.  Federal Question Jurisdiction Exists.

#### (1)  Plaintiff's grounds for declaratory judgment based on the Supremacy Clause of the U.S. Constitution and Article XXVII, Section 2, of the Washington State Constitution turn on substantial federal questions.

7.      Although Plaintiff seeks a declaratory judgment under Washington's Uniform

Declaratory Judgments Act (Chapter 7.24 RCW), one ground upon which Plaintiff seeks a

declaratory judgment turns on the substantial federal question of whether the presence and

operation of the Gorge Dam "violates Article VI, ¶ 2 of the United States Constitution." Am.

Compl. ¶ 5.B.; *see also* Am. Compl. ¶ 6.B. (seeking a declaration that the "presence and

operation of [the Gorge Dam] violates the Supremacy Clause of the United States

Constitution in that [City Light] is subject to the prohibitions against dams that block fish

migration contained in the Congressional Acts binding within what is now the State of

Washington . . .").

8.      This Court has jurisdiction over this action under 28 U.S.C. § 1331.  Federal-

question jurisdiction removal is warranted when "the *plaintiff's* complaint establishes that the

case 'arises under' federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463

U.S. 1, 10 (1983) (emphasis in original).  A complaint satisfies that standard not only when it

asserts a federal-law cause of action, but also "where the vindication of a right under state law

necessarily turn[s] on some construction of federal law."  *Id.* at 9.  Removal of the State Court

Action is proper under 28 U.S.C. § 1441(a) because one of the grounds upon which Plaintiff

seeks declaratory judgment arises under the Constitution, laws, or treaties of the United States

and depends upon resolution of a substantial question of federal law:  Whether the Supremacy

Clause and two Congressional Acts prohibit dams in Washington that block fish migration.

*See North Carolina v. Alcoa Power Generating, Inc.*, 853 F.3d 140, 146-50 (4th Cir. 2017)

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1    (citing *Franchise Tax Board* and holding that a state law claim to quiet title under the North

2    Carolina Declaratory Judgment Act was properly removed to federal court because ownership

3    of the land at issue turned on the construction of federal law).

4         9.    Similarly, Plaintiff's prayer for a declaratory judgment based on Article

5    XXVII, Section 2, of the Washington State Constitution (Am. Compl. ¶ 5.A.; *see also* Am.

6    Compl. ¶ 6.A.) also arises under federal law and requires a resolution of a substantial question

7    of federal law.  Article XXVII, Section 2, of the Washington State Constitution states that

8    "[a]ll laws now in force in the Territory of Washington, which are not repugnant to this

9    Constitution, shall remain in force until they expire by their own limitation, or are altered or

10   repealed by the legislature …."  Plaintiff cites the same Congressional Acts it cited in its

11   Supremacy Clause argument as the "laws now in force in the Territory of Washington" to

12   support its Washington State Constitution argument for declaratory judgment.  Again,

13   removal of the State Court Action is proper under 28 U.S.C. § 1441(a) because Plaintiff's

14   action for declaratory judgment depends upon resolution of a substantial question of federal

15   law:  Whether two Congressional Acts prohibit dams in Washington that block fish migration.

16   **(2)    Plaintiff's grounds for declaratory judgment based on RCW
        4.04.010 and the tort of nuisance also turn on substantial federal
17       questions.**

18        10.   In addition to the above, Plaintiff's remaining grounds for declaratory

19   judgment, while arguably couched in terms of state law (the common law as memorialized in

20   RCW 4.04.010, and the tort of nuisance), nevertheless raise substantial federal questions

21   under the laws of the United States, and would independently confer original jurisdiction on

22   the federal courts.  *See* Am. Compl. ¶¶ 5.C. and 5.D.; *see also* Am. Compl. ¶¶ 6.C. and 6.D.

23   Plaintiff's remaining allegations involve and directly challenge City Light's operations and

24   compliance with the terms of its Federal License, the FPA, and FERC rules, regulations, and

25   orders.

26

NOTICE OF REMOVAL TO FEDERAL COURT
Case No. _____                5

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

11.     As pled, Plaintiff's action seeks "declaratory and prospective injunctive relief" arising from the "presence and operation" of City Light's Gorge Dam pursuant to its Federal License. *See* Am. Compl. at 3; *see also id*. ¶¶ 5.A, 5.B., 5.C., 5D. As such, even Plaintiff's alleged state law grounds for declaratory judgment arise under the FPA, 16 U.S.C. §§ 791a, *et seq*., and necessarily raise a question of federal law. Federal jurisdiction over an alleged state law claim will lie where the action "discloses a contested and substantial federal question," and in such cases, courts consider whether (1) "a state-law claim necessarily raise[s] a stated federal issue," (2) the federal issue is "actually disputed and substantial," and (3) "a federal forum may entertain [it] without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14, 125 S. Ct. 2363 (2005); *Carrington v. City of Tacoma*, 276 F. Supp. 3d 1035, 1041-42 (W.D. Wash. 2017) (applying test to hold that City of Tacoma properly removed plaintiffs' state law negligence claim because it necessarily raised a question under the FPA and City of Tacoma's FERC license as to the applicable duty of care). Plaintiff's state law grounds for declaratory judgment meet each element of this test for the following reasons:

12.     <u>First</u>, Plaintiff's alleged state law grounds necessarily raise a federal issue under the FPA and the Federal License. Plaintiff's allegations involve and directly challenge City Light's compliance with the Federal License, the FPA, and its implementing rules and regulations. In its Amended Complaint, Plaintiff alleges it is entitled to its requested relief based on the mere "presence and operation" of Gorge Dam consistent with the Federal License. At the outset, and simply put, Plaintiff's entire action is a collateral attack on City Light's Federal License, which license authorizes and governs the very "presence and operation" of the Gorge Dam. Authorization of projects under the FPA "is within the *exclusive jurisdiction*" of FERC, "unless that jurisdiction is modified by other *federal* legislation." *Federal Power Comm'n v. Oregon*, 349 U.S. 435, 446, 75 S. Ct. 832 (1955)

NOTICE OF REMOVAL TO FEDERAL COURT
Case No. _____          6

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

(emphasis added).  Congress has vested in the federal courts of appeal "exclusive jurisdiction" to review FERC orders under the FPA, including all objections to those orders and licenses issued thereunder. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 335-37, 78 S. Ct. 1209 (1958).

13.     Additionally, Plaintiff's state tort law nuisance argument necessarily raises a federal issue and involves application of federal law. Under Washington law, whether Plaintiff can prevail on its nuisance claim involves consideration of whether City Light's operations are in violation of its Federal License, or outside the authorizations governed thereunder. *See* RCW 7.48.160 ("Nothing which is done or maintained under the express authority of a statute, can be deemed a nuisance."); *see also Tiegs v. Watt*s, 135 Wn.2d 1, 14, 954 P.2d 877 (1998) ("business operation does not at the outset constitute a nuisance when it is authorized by proper authority").  Because interpretation and consideration of City Light's Federal License and the authorizations under the FPA would be central to any actionable nuisance, Plaintiff's action for declaratory judgment based on nuisance raises a substantial issue of federal law. *Cf. Carrington*, 276 F. Supp. 3d at 1042 ("Because it is necessary to interpret TPU's FERC license to determine the duty of care, Plaintiffs' claims implicate a substantial issue of federal law.").

14.     Finally, Plaintiff's reliance on RCW 4.04.010 and the tort of nuisance also raises the question of whether the savings clause of the FPA, 16 U.S.C. § 821, allows state tort law to supplant FERC's exclusive control of dam operations, *see Simmons v. Sabine River Auth.*, 732 F.3d 469, 476 (5th Cir. 2013) (noting "importance of a single federal agency controlling public water use and dam operations"), or whether the FPA preempts such state law claims.

15.     <u>Second</u>, the federal issue embedded in Plaintiff's state law grounds for declaratory judgment is actually disputed. City Light disputes Plaintiff's allegations about the propriety of City Light's operation of the Gorge Dam pursuant to its Federal License. Further,

NOTICE OF REMOVAL TO FEDERAL COURT
Case No. _____          7

the federal issue raised by Plaintiff's arguments is "substantial." The FPA is designed as "a complete scheme of national regulation which would promote the comprehensive development of the water resources of the Nation . . . instead of the piecemeal, restrictive, negative approach of . . . other federal laws previously enacted." *First Iowa Hydro-Elec. Co-op v. Fed. Power Comm'n*, 328 U.S. 152, 180, 66 S. Ct. 906 (1946). As demonstrated by the Project's near 100-year licensed status,[3] the government and licensees have a "strong interest" in the interpretation of the FERC license and the FPA's regulatory scheme. *See Grable*, 545 U.S. at 315. "The meaning of the FERC license is a substantial and important issue of federal law that sensibly belongs in a federal court." *VA Timerline, LLC v. Appalachian Power Co.*, 2006 U.S. Dist. LEXIS 52156, at *5, 2006 WL 1993557, at *2 (W.D. Va. July 13, 2006) (citation and quotation marks omitted). Indeed, several federal district courts have considered analogous issues—whether federal courts had jurisdiction over a property owner's state law tort claim against a FERC-licensed dam operator—and concluded "the claims implicate a substantial issue of federal law" and therefore are deserving of federal jurisdiction. *Carrington*, 276 F. Supp. 3d at 1042; *see also Funderburk v. S.C. Elec. & Gas Co.*, 179 F. Supp. 3d 569, 580 (D. S.C. 2016).

16.     <u>Third</u>, because exercising jurisdiction over these claims would not "herald[ ] a potentially enormous shift of traditionally state cases into federal courts," it will not disrupt the federal-state balance approved by Congress. *Grable*, 545 U.S. at 319; *see also Carrington*, 276 F. Supp. 3d at 1042. The interpretation of FERC rules, regulations, and orders (like the Federal License) issued under the FPA and the operational authorizations and mandates under the Federal License should not be litigated in state courts. "Rather, the fact that the FPA includes section 825p [16 U.S.C. § 825p], which provides federal courts '*exclusive jurisdiction*' over cases involving the FPA, demonstrates that Congress affirmatively sought

---

[3] *See City of Seattle, Washington, U.S. Department of Interior*, Project No. 533-005, Docket No. EL78-36-000, 71 FERC P61,159, *61,537, 1995 FERC LEXIS 953, at *43-44 (May 16, 1995).

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

to provide a federal forum for cases like this one." *Funderburk*, 179 F. Supp. 3d at 581 (emphasis added).

**B.     Alternatively, this Court has Supplemental Jurisdiction over Plaintiff's Remaining Alleged State Law Grounds for Declaratory Judgment.**

17.     In addition to the above, under 28 U.S.C. § 1367, even in the absence of a federal question on the alleged state law grounds for declaratory judgment, this Court nevertheless also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Each of Plaintiff's claims arise from the mere "presence and operation" of the Gorge Dam consistent with the Federal License, and the conditions imposed by FERC during the relicensing of the Project. *See* Am. Compl. ¶¶ 5.A, 5.B, 5.C, 5.D. Plaintiff's state law grounds for declaratory judgment arise under a "common nucleus of facts" as the federal grounds, and as such, confers supplemental jurisdiction on this Court. *See id.*; *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130 (1966); *see also Funderburk*, 179 F. Supp. 3d at 583.

## IV.     PROCEDURAL REQUIREMENTS

18.     Removal to this Court Is Proper:  Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), City Light files this Notice of Removal in the United States District Court for the Western District of Washington, which is the federal district court embracing the state court where Plaintiff brought the State Court Action - in Skagit County, Washington.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 128(a).  Under Local Civil Rule 3(e)(1), removal to the Western District of Washington at Seattle is proper because a substantial part of the alleged events or omissions that give rise to the claims occurred in Skagit County.  Am. Compl. ¶¶ 3.A., 4.A., 4.B., and 4.C.

19.     Removal Is Timely:  On or about July 14, 2021, Plaintiff served a copy of the Summons and Complaint on City Light. This Notice of Removal is filed within 30 days of

NOTICE OF REMOVAL TO FEDERAL COURT
Case No. _____          9

City Light's receipt of the Summons and Complaint, and is therefore timely filed and served pursuant to 28 U.S.C. § 1446(b).

20.   <u>Signature</u>:  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

21.   <u>Pleadings and Process</u>:  A true and correct copy of the Amended Complaint served on City Light in the State Court Action is attached hereto as <u>Exhibit A</u>.  *See* 28 U.S.C. § 1446(a) and Local Civil Rule 101(b).

22.   <u>Complete Record of State Court Action</u>:  A copy of the complete record of the State Court Action is attached to the Verification of State Court Records, which is being filed concurrently with this Notice of Removal pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 101(c).

23.   <u>Notice</u>:  City Light will promptly serve Plaintiff and file with this Court its Notice to Plaintiff of Removal to Federal Court, informing Plaintiff that this matter has been removed to federal court.  28 U.S.C. §§ 1446(a), (d).  City Light will also promptly file with the Clerk of the Superior Court of the State of Washington for the County of Skagit, and serve on Plaintiff, a Notice to Clerk of Removal to Federal Court pursuant to 28 U.S.C. § 1446(d). City Light attaches as <u>Exhibit B</u> to this Notice a copy of the notice to be filed with the state court (without the notice's attachments).

WHEREFORE, City Light respectfully gives notice that the above-entitled action is removed from the Skagit County Superior Court to the United States District Court for the Western District of Washington at Seattle.

DATED this 29th day of July, 2021.

K&L GATES LLP

By:   s/ Elizabeth Thomas

NOTICE OF REMOVAL TO FEDERAL COURT
Case No. _____        10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Elizabeth Thomas, WSBA # 11544

By:   s/ Kari L. Vander Stoep

Kari L. Vander Stoep, WSBA # 35923

925 Fourth Avenue, Suite 2900
Seattle, WA  98104
Phone:  (206) 623-7580
Fax:  (206) 623-7022

E-mail:   Liz.Thomas@klgates.com
          Kari.Vanderstoep@klgates.com

Attorneys for Respondents

NOTICE OF REMOVAL TO FEDERAL COURT
Case No. _____          11

1

**CERTIFICATE OF SERVICE**

2

I certify that on July 29, 2021, I arranged for electronic filing of the foregoing

3

document and its exhibits with the Clerk of the Court using the CM/ECF system, which will

4

send notification of such filing to the following:

5

Jack W. Fiander
Towtnuk Law Offices Ltd.

6

Sacred Ground Legal Services, Inc.
5808A Summitview Avenue #93

7

Yakima, WA  98908
(509) 969-4436 or (509) 961-0096

8

towtnuklaw@msn.com

9

10

Copies of the foregoing document and its exhibits are also being provided by (1) hand

delivery/messenger, (2) electronic mail, and (3) pre-paid U.S. mail, to the following parties:

11

12

Jack W. Fiander
Towtnuk Law Offices Ltd.

13

Sacred Ground Legal Services, Inc.
5808A Summitview Avenue #93

14

Yakima, WA  98908
(509) 969-4436 or (509) 961-0096

15

towtnuklaw@msn.com

16

Sauk-Suiattle Indian Tribe
Office of Legal Counsel

17

5318 Chief Brown Lane
Darrington, WA 98241

18

(360) 436-0139

19

lweller@sauk-suiattle.com

20

DATED this 29th day of July, 2021 at Seattle, Washington.

21

22

By  s/Dawnelle Patterson
        Dawnelle Patterson, Practice Assistant

23

        Dawnelle.patterson@klgates.com

24

25

26

NOTICE OF REMOVAL TO FEDERAL COURT
Case No. _____          12

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

# EXHIBIT A

E-FILED
Skagit County Clerk
Skagit County, WA
7/27/2021

1

Jack W. Fiander, Attorney
Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
5808A Summitview Avenue #93
Yakima, WA 98908
(509) 969-4436 or (509) 961-0096
towtnuklaw@msn.com

Sauk-Suiattle Indian Tribe
Office of Legal Counsel
5318 Chief Brown Lane
Darrington, WA 98241
(360) 436-0139
lweller@sauk-suiattle.com

2

3

4

5

6

7

8

9

10

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR SKAGIT COUNTY

11

12

13  | In Re:                        | NO. 21-2-00386-29-1
14  | **SAUK-SUIATTLE INDIAN TRIBE,** | **AMENDED COMPLAINT FOR**
15  |                 Plaintiff,    | **DECLARATORY AND INJUNCTIVE RELIEF**
16  | v.                            | RCW 7.24.010
17  | **CITY OF SEATTLE** and **SEATTLE CITY LIGHT,**  a subdivision of the City of Seattle,
18
19  |                 Respondents.

20

21    COMES NOW the plaintiff and amends its complaint to add the name the City of

22  Seattle as a respondent as set forth in ¶ 2.B herein.  All other allegations of plaintiff's original

23  complaint are incorporated by reference herein.[1]

24

25

26  ---
[1]Counsel for Respondent correctly noted the misnomer in its Notice of Appearance that the City of Seattle as the owner of Seattle City Light is a proper respondent herein.

COMPLAINT - 1

Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
5808A Summitview Avenue, #93
Yakima, WA 98908
(509) 969-4436
towtnuklaw@msn.com

Our job is to see the deep principles articulated in our founding documents and apply them to the world today as we understand it.

--*Steven C. Gonzales*
Chief Justice
Washington State Supreme Court

Living constitutionalists often complain we can't know the original understanding because the document's too old and cryptic.  Hardly.  We figure out the original meaning of old and difficult texts all the time.  Just ask any English professor who teaches Shakespeare or Beowulf.

--*Neil Gorsuch*
Associate Justice
United States Supreme Court

All laws in force in the Territory of Washington, which are not repugnant to this Constitution, shall remain in force until they expire by their own limitations, or are altered or repealed by the legislature[.]

--Washington State Constitution
Article XXVII, § 2

Nothing contained in this chapter shall be construed as affecting or intending to affect or in any way to interfere with the laws of the respective States[.]

--Federal Power Act
of June 10, 1920
Section 27

I.        INTRODUCTION

COMPLAINT - 2

Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
5808A Summitview Avenue, #93
Yakima, WA 98908
(509) 969-4436
towtnuklaw@msn.com

This is a Complaint in a Civil action seeking declaratory and prospective injunctive relief on grounds that a dam owned by respondent blocks the passage of migrating fish and therefore its presence and operation is contrary to the Washington State Constitution, the governing Congressional Acts preceding formation of the State of Washington which placed a servitude upon such dam, and binding principles of Common Law.

HISTORICAL BACKGROUND

Common Law

1.A. On July 13, 1787, the Congress of the Confederation of the United States enacted the Northwest Ordinance, applicable to what then was called the Northwest Territory, which established a government for the territory and specified a procedure for admitting new states to the Union. That ordinance guaranteed judicial proceedings according to the common law.

1.B. The law of the state of Washington, as set forth in what is now RCW 4.04.010, is that the common law, so far as it is not inconsistent with the Constitution and laws of the United States or of the state of Washington nor incompatible with the institutions and condition of society in this state, shall be the rule of decision in all the courts of this state.

1.C. Since the *Magna Carta*, proscriptions against barriers to fish passage have been firmly imbedded in Anglo-American law. See *Magna Carta*, Ch. 33 (1215) ("All kydells for the future shall be removed altogether from [the Rivers] Thames and Medway, and throughout all England, except upon the sea shore.").

1.D. Scholar of common law Joseph Angell, who first authored his Treatise on the Law of Watercourses in 1794, noted that according to common law:

> Even the exclusive right of fishery in rivers not navigable, is subject to a
> reasonable qualification, in order to protect the rights of others, who have a

COMPLAINT - 3

Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
5808A Summitview Avenue, #93
Yakima, WA 98908
(509) 969-4436
towtnuklaw@msn.com

similar interest, but might lose all advantage from it, if their neighbors below them could with impunity wholly impede the passage of fish.

J. K. Angell, *A Treatise on the Law of Watercourses*, Ch. III, §84 (7th ed. 1879).

1.E. Under the common law of Great Britain:

This private right of fishery, in rivers above tide-water, is, in this country, considered and held to be subject to the qualification of not being used so as to injure the private rights of others ; so that it does not extend to impede the passage of fish up the river by means of dams or other obstructions.
Id., Ch. III, §85.

1.E.a. Angell's treatises have previously been found authoritative by the United States District Court court in determining fishery issues arising in <u>United States v. Washington</u>. *See, e.g.*, 873 F. Supp. 1422, 1439.

1.F. In the English case of <u>Weld v. Hornby</u>[2], in the Court of King's Bench, the plaintiff, "being possessed of a sole and several fishery in a stream of water", undertook to convert a brush wear, through which some of the fish might and did escape, into a solid stone wear, which was entirely impervious. This was determined to be a nuisance, because it obstructed the passage of fish higher up the stream.

1.G. In the absence of express repeal or legislation to the contrary, the common law is applicable in the courts of Washington state.

<u>Congressional Acts</u>

1.H. On August 14, 1848, the United States Congress enacted an act to establish Oregon Territory which, at the time, included what was later to become Washington Territory.  Section 12 of the Act states that the rivers and streams of  water in said Territory of Oregon in which salmon are found, or to which they resort, shall not be obstructed by dams or otherwise, unless

---

[2] 7 East. 195.

COMPLAINT - 4

Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
5808A Summitview Avenue, #93
Yakima, WA 98908
(509) 969-4436
towtnuklaw@msn.com

such dams or obstructions are so constructed as to allow salmon to pass freely up and down such rivers and streams.

1.H.a. Attached hereto as Exhibit A is a true copy of Section 12 of the Act of August 14, 1848 establishing Oregon Territory.

1.I The record of congressional hearings preceding adoption of the Oregon Territorial Act discloses that Section 12 was added at the insistence of a member of congress who had witnessed the extinction of salmon in the Connecticut River due to the erection of a dam there.

1.I.a.  Attached hereto as Exhibit B is a true copy of that portion of the August 1, 1848 *Congressional Globe* in which such addition of Section 12 was made by Congressional amendment.

1.J. On March 2, 1853, the United States Congress carved out a portion of Oregon Territory in order to establish the Territory of Washington.  That Congressional Act establishing Washington Territory provided that the applicable laws in Oregon Territory by virtue of the legislation of Congress in reference to the Territory of Oregon are applicable to and continue in force in Washington Territory.

1.J.a. Attached hereto as Exhibit C is a true copy of Section 12 of the Congressional Act of March 2, 1853 establishing Washington Territory.

<u>Washington State Constitution</u>

1.K. Upon admission to the Union in 1889, a Constitution was adopted for the State of Washington.  According to Article XXVII, in order to ease the transition from a territory to a state, the state constitution provided, and still provides, that the laws applicable to the Territory of Washington State remained in place unless expressly repealed.

COMPLAINT - 5

Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
5808A Summitview Avenue, #93
Yakima, WA 98908
(509) 969-4436
towtnuklaw@msn.com

1.K.a.  Attached hereto as Exhibit D is a true copy of Article XXVII, § 2 of the Washington

State Constitution.

1.J. Attached hereto as Exhibit E is a true copy of RCW 4.04.010.

## II. PARTIES

2.A. Plaintiff Sauk-Suiattle Indian Tribe is a tribal nation with an address of 5318 Chief Brown Lane, Darrington, WA 98241.

2.B. Respondent City of Seattle is a municipal corporation incorporated as a city under laws of the State of Washington.

2.C. Seattle City Light is a subdivision of the City of Seattle which operates as an electric company with a principal address of 700 Fifth Avenue #3200, Seattle, WA 98104.

## III.      JURISDICTION AND VENUE

3.A. Jurisdiction and venue are appropriate in this Court since the plaintiff is composed of citizens of the State of Washington residing or domiciled in Skagit County and respondent owns property situated within Skagit County and the facts giving rise to the causes of action arose in Skagit Court, Washington.

## IV.      FACTUAL ALLEGATIONS

4.A. Respondent operates a dam on the Skagit River within the State of Washington known as the Gorge Dam at Newhalem.

4.B. On Information and Belief, such dam extends from the right bank of such river to the left bank, extending across the Skagit River in its entirety.

4.C. Respondent's dam blocks fish passage within the Skagit River from the area below to the area above such dam.

COMPLAINT - 6

Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
5808A Summitview Avenue, #93
Yakima, WA 98908
(509) 969-4436
towtnuklaw@msn.com

## V.    CLAIMS FOR RELIEF

5.A. The presence and operation of the Gorge Dam by respondent within the Skagit River which blocks fish passage violates the Washington State Constitution in that the statutes governing the Territories of Oregon and Washington imposed a prior restriction against such dams which was not repealed by the Territory's admission to the Union or any other act or statute.

5.B. The presence and operation of the Gorge dam by respondent within the Skagit River which blocks fish passage violates Article VI, ¶ 2 of the United States Constitution providing that the laws of the United States are the Supreme Law of the nation which the judges of every state shall be bound thereby in that the statutes governing the Territories of Oregon and Washington imposed a prior restriction against such dams which was not repealed by the United States Congress by Washington Territory's admission to the Union.

5.C. The presence and operation of such dam by respondent within the Skagit River which blocks fish passage violates governing common law applicable to respondent's operations in that such common law prohibits dams which block fish migration and such common law is consistent with the Constitution and laws of the United States, or of the state of Washington nor incompatible with the institutions and condition of society in this state, as memorialized in RCW 4.04.010.

5.D. The presence and operation of a dam by respondent within the Skagit River which blocks fish passage constitutes the tort of Nuisance in that such conduct unreasonably and substantially interferes with plaintiff's use and enjoyment of its property rights of access to natural and cultural resources.

## VI.    RELIEF SOUGHT

COMPLAINT - 7

Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
5808A Summitview Avenue, #93
Yakima, WA 98908
(509) 969-4436
towtnuklaw@msn.com

WHEREFORE, plaintiff prays that the Court:

6.A. Declare that respondent's dam is operated contrary to the Washington State Constitution;

6.B. Declare that the presence and operation of respondent's dam violates the Supremacy Clause of the United States Constitution in that respondent is subject to the prohibitions against dams that block fish migration contained in Congressional Acts binding within what is now the State of Washington, and the court is bound thereby;

6.C. Enter a Declaratory Judgment that the Common Law prohibits dams within fresh waters within which fish migrate and that nothing in State law is contrary to such Common Law;

6.D. Enjoin respondent from maintaining such dam in its present condition or in the alternative enter an order requiring respondent to abate such Nuisance by providing a means for migratory fish species to bypass such dam; and

6.E. Award such other and further relief as is just and equitable.

DATED this _26__ day of July, 2021.

Respectfully submitted,

SAUK-SUIATTLE INDIAN TRIBE
By:

S/Jack W. Fiander

_____
Jack W. Fiander
Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
Counsel for Plaintiff

COMPLAINT - 8

Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
5808A Summitview Avenue, #93
Yakima, WA 98908
(509) 969-4436
towtnuklaw@msn.com

1

2

3

4

Exhibit A
Act Establishing Oregon Territory

5

6

7

8

Salmon leaps not to be obstructed.

Sec. 12. *And be it further enacted,* That the rivers and streams of water in said Territory of Oregon in which salmon are found, or to which they resort, shall not be obstructed by dams or otherwise, unless such dams or obstructions are so constructed as to allow salmon to pass freely up and down such rivers and streams.

Appropriations

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT - 9

Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
5808A Summitview Avenue, #93
Yakima, WA 98908
(509) 969-4436
towtnuklaw@msn.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Exhibit B

August 1, 1848 Congressional Globe

gentlemen.

Mr. GRINNELL moved a new section, to come in between the 11th and 12th sections, providing that the rivers and streams in the Territory in which salmon are found shall not be obstructed by dams or otherwise, unless so made as to allow said fish to pass freely.

He said there was now a valuable fishery in Oregon, and unless some care was taken of it, it would be lost. For the want of care, by the erection of a dam, &c., in the Connecticut river, the salmon, which formerly had been very valuable there, had been driven out. This might be avoided in this Territory, with care, without expense.

The amendment was agreed to.

COMPLAINT - 10

Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
5808A Summitview Avenue, #93
Yakima, WA 98908
(509) 969-4436
towtnuklaw@msn.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Exhibit C
Act Establishing Washington Territory

SEC. 12. *And be it further enacted*, That the laws now in force in said Territory of Washington, by virtue of the legislation of Congress in reference to the Territory of Oregon, which have been enacted and passed subsequent to the first day of September, eighteen hundred and forty-eight, applicable to the said Territory of Washington, together with the legislative enactments of the Territory of Oregon, enacted and passed prior to the passage of, and not inconsistent with, the provisions of this act, and applicable to the said Territory of Washington, be, and they are hereby, continued in force in said Territory of Washington until they shall be repealed or amended by future legislation.

Existing laws in said territory continued in force so far as applicable.

First session

COMPLAINT - 11

Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
5808A Summitview Avenue, #93
Yakima, WA 98908
(509) 969-4436
towtnuklaw@msn.com

1

2

3

4

Exhibit D
Washington State Constitution, Article XXVII, Section 2

5

6

7

8

**SECTION 2 LAWS IN FORCE CONTINUED.** All laws now in force in the Territory of Washington, which are not repugnant to this Constitution, shall remain in force until they expire by their own limitation, or are altered or repealed by the legislature: *Provided,* That this section shall not be so construed as to validate any act of the legislature of Washington Territory granting shore or tide lands to any person, company or any municipal or private corporation.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT - 12

Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
5808A Summitview Avenue, #93
Yakima, WA 98908
(509) 969-4436
towtnuklaw@msn.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Exhibit E
RCW 4.04.010

**RCW 4.04.010**

**Extent to which common law prevails.**

 The common law, so far as it is not inconsistent with the Constitution and laws of the United States, or of the state of Washington nor incompatible with the institutions and condition of society in this state, shall be the rule of decision in all the courts of this state.

COMPLAINT - 13

Towtnuk Law Offices, Ltd.
Sacred Ground Legal Services, Inc.
5808A Summitview Avenue, #93
Yakima, WA 98908
(509) 969-4436
towtnuklaw@msn.com

# EXHIBIT B

1
2
3
4
5
6
7
8

SUPERIOR COURT OF WASHINGTON FOR SKAGIT COUNTY

In Re:

SAUK-SUIATTLE INDIAN TRIBE,

              Plaintiff,

        v.

CITY OF SEATTLE and SEATTLE CITY
LIGHT, a subdivision of the City of Seattle,

              Respondents.

Case No. 21-2-00386-29-1

**NOTICE TO STATE COURT CLERK OF
REMOVAL TO FEDERAL COURT**

TO:         The Clerk of the Court;

AND TO:    Plaintiff SAUK-SUIATTLE INDIAN TRIBE;

AND TO:    Jack W. Fiander, Towtnuk Law Offices, Ltd., Sacred Ground Legal Services,
Inc.

      PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1446(d) that on July 29, 2021,

Respondents The City of Seattle and Seattle City Light[1] (hereinafter "City Light"), removed

this matter to the United States District Court of the Western District of Washington at

Seattle.  A true and correct copy of the Notice of Removal to Federal Court is attached to this

notice.

_____

[1] Seattle City Light is a department of the City of Seattle and not a separate legal entity.

NOTICE TO STATE COURT CLERK OF
REMOVAL TO FEDERAL COURT
Case No. 21-2-00386-29-1    1

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1      PLEASE TAKE FURTHER NOTICE THAT, under 28 U.S.C. §§ 1446(a) and

2  1446(d), the filing of the Notice of Removal to Federal Court in the United States District

3  Court for the Western District of Washington, together with the filing of a copy of the Notice

4  of Removal to Federal Court in this Court, results in removal of this action, and this Court

5  may not proceed further with the action unless and until the action is remanded.

6

7      DATED this 29th day of July, 2021.

8

9                K&L GATES LLP

10               By:   s/ Elizabeth Thomas
                     Elizabeth Thomas, WSBA # 11544

11               By:   s/ Kari L. Vander Stoep
                     Kari L. Vander Stoep, WSBA # 35923

12               925 Fourth Avenue, Suite 2900
                 Seattle, WA  98104

13               Phone:  (206) 623-7580
                 Fax:  (206) 623-7022

14                     E-mail:  Liz.Thomas@klgates.com

15                            Kari.Vanderstoep@klgates.com

16               Attorneys for Respondents

17

18

19

20

21

22

23

24

25

26

NOTICE TO STATE COURT CLERK OF
REMOVAL TO FEDERAL COURT
Case No. 21-2-00386-29-1      2

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1
2

## CERTIFICATE OF SERVICE

3

     I certify that on July 29, 2021, I arranged for service of the foregoing document and its

4

attachment on the parties below by electronic service, electronic mail, hand delivery and US

5

mail:

6

     Jack W. Fiander
Towtnuk Law Offices Ltd.

7

Sacred Ground Legal Services, Inc.
5808A Summitview Avenue #93

8

Yakima, WA  98908
(509) 969-4436 or (509) 961-0096

9

towtnuklaw@msn.com

10

     Sauk-Suiattle Indian Tribe
Office of Legal Counsel

11

5318 Chief Brown Lane

12

Darrington, WA 98241
(360) 436-0139

13

lweller@sauk-suiattle.com

14
15

     DATED this 29th day of July, 2021 at Seattle, Washington.

16
17

          By  s/Dawnelle Patterson
               Dawnelle Patterson, Practice Assistant

18

               Dawnelle.patterson@klgates.com

19
20
21
22
23
24
25
26

NOTICE TO STATE COURT CLERK OF
REMOVAL TO FEDERAL COURT
Case No. 21-2-00386-29-1     3