1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In Re:

SAUK-SUIATTLE INDIAN TRIBE,

          Plaintiff,

     v.

CITY OF SEATTLE and SEATTLE CITY
LIGHT, a subdivision of the City of Seattle,

          Respondents.

Case No. 2:21-cv-01014 (BJR)

**RESPONDENTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

## I.    INTRODUCTION

This Court should deny Plaintiff Sauk-Suiattle Indian Tribe's ("Sauk-Suiattle") Motion for Remand because removal was proper for the reasons established in Respondents City of Seattle and Seattle City Light's (together "City Light") Notice of Removal. Sauk-Suiattle's motion fails to address—let alone rebut—the federal question grounds for removal in City Light's Notice of Removal, and instead focuses on arguments that City Light never made. Sauk-Suiattle also conflates jurisdictional preemption doctrines with preemption defenses and attempts to rewrite the Amended Complaint to conform to this misapprehension of the law. City Light's valid federal question jurisdictional grounds for removal—(1) a

OPPOSITION TO MOTION FOR REMAND - 1
Case No. 2:21-cv-01014 (BJR)

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1 | federal question appears on the face of the Amended Complaint, and (2) Sauk-Suiattle's state
2 | common law and tort claims raise substantial federal questions—stand unrefuted and justify
3 | this Court's denial of Sauk-Suiattle's Motion for Remand.

## II.   ARGUMENT

### A.   Sauk-Suiattle Presents a Substantial Federal Question on the Face of the Amended Complaint.

In its Motion for Remand, Sauk-Suiattle tries to recast its Amended Complaint as arising "solely under Washington state law." Dkt. No. 7 ("Remand Mot.") p. 3. This unsupported assertion belies the fact that Sauk-Suiattle's Amended Complaint seeks declaratory judgment on the substantial federal question of whether the presence and operation of the Gorge Dam "violates Article VI, ¶ 2 of the United States Constitution." Dkt. No. 5 ("Am. Compl.") ¶ 5.B. Sauk-Suiattle's Amended Complaint also seeks a declaration that the "presence and operation of [the Gorge Dam] violates the Supremacy Clause of the United States Constitution in that [City Light] is subject to the prohibitions against dams that block fish migration contained in the Congressional Acts binding within what is now the State of Washington…." Am. Compl. ¶ 6.B.

This Court has original jurisdiction under 28 U.S.C. § 1331 where "*plaintiff's* complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (emphasis in original); *see also Indep. Living Ctr. of S. Cal., Inc. v. Kent*, 909 F.3d 272, 278 (9th Cir. 2018) ("[F]ederal question jurisdiction encompasses more than just federal causes of action. Federal courts have jurisdiction to hear 'cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" (quoting *Franchise Tax Board*, 463 U.S. at 27-28)). As pled, Sauk-Suiattle's Amended Complaint presents at least two federal questions on its face: (1) does the "presence and operation" of the Gorge Dam violate Article

OPPOSITION TO MOTION FOR REMAND - 2
Case No. 2:21-cv-01014 (BJR)

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

VI, ¶ 2 of the United States Constitution, and (2) do the Congressional Acts of August 14, 1848, 9 Stat. 323 and March 2, 1853, 10 Stat. 1077, require the construction of fish passage at a federally-licensed hydropower facility? City Light properly removed this case based on federal question jurisdiction. Dkt. No. 1 ("Removal Not.") ¶¶ 7–9.

While Sauk-Suiattle would like to dodge the federal questions pled in the Amended Complaint for the purposes of remand, Sauk-Suiattle's motion further demonstrates that this Court has federal question jurisdiction. Sauk-Suiattle argues in its motion:

> [City Light] contends that, somehow, these acts of the United States Congress, were repealed by enactment of the Federal Power Act or cannot be reconciled therewith. … [T]his is a case of statutory construction, the question being whether enactment of the Federal Power Act terminated the obligation embodied in the 1848 and 1853 statutes requiring that dams have fish passage.
>
> … In the absence of an unambiguous statement that Congress intended to repeal prior legislation, federal statutes must be read *in pari materia* and construed so as to be harmonious rather than disharmonious.

Remand. Mot. p. 11. Sauk-Suiattle cannot have it both ways. City Light properly removed based on federal question jurisdiction, and Sauk-Suiattle's Motion for Remand highlights rather than undermines that removal was proper.

Federal questions appear on the face of Sauk-Suiattle's Amended Complaint and Sauk-Suiattle's Motion for Remand confirms that its Amended Complaint raises substantial issues of federal law. Therefore, Sauk-Suiattle's claims could have been brought in federal court originally and removal is appropriate under 28 U.S.C. § 1441. *See North Carolina v. Alcoa Power Generating, Inc.*, 853 F.3d 140, 146-50 (4th Cir. 2017) (citing *Franchise Tax Board* and holding that a state law claim under the North Carolina Declaratory Judgment Act was properly removed to federal court because ownership of the land at issue turned on the construction of federal law).

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1

2

### B.  Sauk-Suiattle's Common Law and Tort Law Claims for Relief Raise Substantial Federal Questions.

3

#### i.  Substantial Federal Question Jurisdiction Exists.

4

Sauk-Suiattle's Motion for Remand also fails to refute the City's other ground for

5

federal question jurisdiction: Sauk-Suiattle's Washington common law and tort law grounds

6

for declaratory judgment necessarily raise a substantial federal question. Removal Not. ¶¶ 10–

7

16. Federal question jurisdiction exists over an alleged state law claim where it "necessarily

8

raises a stated federal issue, actually disputed and substantial, which a federal forum may

9

entertain without disturbing any congressionally approved balance of federal and state

10

power." *Hornish v. King Cty.*, 899 F.3d 680, 688 (9th Cir. 2018) (quoting *Merrill Lynch,*

11

*Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1570 (2016)).

12

Sauk-Suiattle's nuisance argument necessarily requires the Court to determine whether

13

City Light's operation of the Gorge Dam violates its Federal Energy Regulatory Commission

14

("FERC") license, the Federal Power Act ("FPA"), and its implementing rules and

15

regulations. *See* RCW 7.48.160 ("Nothing which is done or maintained under the express

16

authority of a statute, can be deemed a nuisance."); *see also Tiegs v. Watts*, 135 Wn.2d 1, 14,

17

954 P.2d 877 (1998) ("[a] business operation does not at the outset constitute a nuisance when

18

it is authorized by proper authority"); *Bruskland v. Oak Theater, Inc.*, 42 Wn.2d 346, 350–51

19

254 P.2d 1035 (1953) ("when proper authority authorizes the operation of a lawful business in

20

a certain area, such business does not constitute a nuisance in a legal sense, but it may become

21

such if it is conducted in [] an unreasonable manner"). Sauk-Suiattle's nuisance claim

22

necessarily raises the federal question of whether City Light's Gorge Dam is properly

23

authorized and operated in compliance with its FERC license, and in turn, requires the Court

24

to apply and interpret the FPA and its implementing regulations.

25

Because it is necessary to interpret City Light's FERC license under the FPA to

26

address Sauk-Suiattle's state law arguments, Sauk-Suiattle's claims implicate a substantial

OPPOSITION TO MOTION FOR REMAND - 4
Case No. 2:21-cv-01014 (BJR)

issue of federal law. *See Carrington v. City of Tacoma*, 276 F. Supp. 3d 1035, 1042 (W.D. Wash. 2017) ("Because it is necessary to interpret [the utility's] FERC license to determine the duty of care, Plaintiffs' claims implicate a substantial issue of federal law. The FPA provides a comprehensive regulatory structure and prescribes an arduous licensing procedure to establish guidelines for dam operations. [The utility's] thirty-six year FERC relicensing process … evidences the substantiality of this regime. Plaintiffs' negligence claim necessarily requires analysis of the federal standard borne out of this process. The federal issues in this case are substantial."); *Indep. Living Ctr.*, 909 F.3d at 279 (holding that federal court had jurisdiction over state action for writ of mandate when plaintiffs would necessarily have to show that state law violated a federal Medicaid provision to prevail and the purported violation was the "central point of dispute") (quoting *Gunn v. Minton*, 568 U.S. 251, 259 (2013)); *Hornish*, 899 F.3d at 690–91 (finding that federal court had jurisdiction over Washington state law action regarding the validity of a quit claim deed where the claim necessarily turned on construction of the federal Trails Act).

Sauk-Suiattle cites *City of Oakland v. BP PLC*, 969 F.3d 895, 906 (9th Cir. 2020) (Remand Mot. p. 2) in support of its claim that the principle articulated in *Carrington*—that state law claims that implicate substantial federal issues may be removed to federal court— does not apply in this case. *Oakland*, however, is easily distinguishable from *Carrington*. In *Oakland*, the plaintiffs alleged that defendants were responsible for the production and promotion of fossil fuels, that consumption of fossil fuels led to rising sea levels, and that rising sea levels had damaged plaintiffs, thereby giving rise to a California state law cause of action for public-nuisance. 969 F.3d at 906. Defendants removed to federal court, arguing the "public-nuisance claim was governed by federal common law because the claim implicates uniquely federal interests." *Id.* at 902 (quotations omitted). The federal court found it lacked jurisdiction under 28 U.S.C. §1331 because adjudicating plaintiffs' claim "neither require[d] an interpretation of a federal statute nor challenge[d] a federal statute's constitutionality." *Id.*

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

at 906 (citations omitted). Furthermore, the court found that "it is not clear that the claim requires an interpretation or application of federal law at all, because the Supreme Court has not yet determined that there is a federal common law of public nuisance relating to interstate pollution[.]" *Id.*

In contrast, the court in *Carrington* found the plaintiffs' negligence claims necessarily "raise[d] a federal question because [defendant]'s FERC license established the applicable duty of care." 276 F. Supp. 3d at 1041. Contrary to the plaintiffs' arguments in *Carrington*, Washington law did not provide the standard of care for their negligence claim because if it did "state tort law would supplant FERC's exclusive control of dam operations and would subject dam operators to contradictory standards of care in different jurisdictions." *Id.* Therefore, removal was proper because the plaintiffs' complaint implicated a substantial issue of federal law that necessarily required an analysis of an applicable federal standard. *Id.* at 1042.

Sauk-Suiattle makes no effort to distinguish *Carrington* or address the precedent in this Circuit and others that establishes that state law cases may be removed to federal court where a plaintiff's claims necessarily require the application of federal law to resolve a substantial issue. *See, e.g.*, *Funderburk v. S.C. Elec. & Gas Co.*, 179 F. Supp. 3d 569, 579 (D.S.C. 2016) (finding removal proper where plaintiff's state negligence claim against FERC-licensed dam necessarily required interpretation of the rules and regulations of the FPA and FERC); *Sherr v. S.C. Elec. & Gas Co.*, 180 F. Supp. 3d 407, 417 (D.S.C. 2016) (same). Whether City Light's Gorge Dam violates Washington common law or nuisance law requires consideration of whether the presence and operation of the Gorge Dam is properly authorized by City Light's FERC license and the interaction of that FERC license, the FPA, and the applicable federal rules and regulations with Washington's common law and nuisance law.

OPPOSITION TO MOTION FOR REMAND - 6
Case No. 2:21-cv-01014 (BJR)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ii.   **City Light Does Not Argue that the Doctrine of Complete Preemption Applies.**

Sauk-Suiattle's Motion for Remand is attempting to rebut an argument City Light's Notice of Removal never made. The motion argues that "complete preemption" does not apply to Sauk-Suiattle's claims, and therefore, removal was improper. City Light agrees that the *complete* preemption doctrine does not apply to Sauk-Suiattle's claims, and therefore, City Light did not rely upon that doctrine as a basis for removal.

Some clarification is in order, as Sauk-Suiattle appears to conflate the doctrine of complete preemption, which can be a jurisdictional argument for removal to federal court, with the defenses of conflict and field preemption, which are defenses to the application of state law. *See Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) ("[c]omplete preemption is really a jurisdictional rather than a preemption doctrine, as it confers exclusive federal jurisdiction in certain instances where Congress intended the scope of federal law to be so broad as to entirely replace any state-law claim" (quoting *Dennis v. Hart*, 724 F.3d 1249, 1254 (9th Cir. 2013)). In contrast, conflict and field preemption are normally raised as affirmative defenses that, if successful, result in the dismissal of the plaintiff's claims. *See Andera v. Precision Fuel Components, LLC*, C12-0274-JCC, 2012 WL 12509225, at *1 (W.D. Wash. 2012) (citing *Montalvo v. Spirit Airlines*, 508 F.3d 464, 475-76 (9th Cir. 2007)). However, the doctrines serve different purposes and are conceptually distinct. *See Retail Prop. Tr.*, 768 F.3d at 949 ("it is enough to say that the doctrines serve distinct purposes and should be kept clear and separate in our minds").

City Light's Notice of Removal does not argue that the FPA falls within that class of statutes Congress intended "to be so broad as to entirely replace any state-law claim." *Id.* at 947. Rather, City Light's Motion to Dismiss asserts the defense that the FPA conflicts with Sauk-Suiattle's common law and nuisance grounds for relief, and therefore, those grounds are preempted. *See* Dkt. No. 11 ("Mot. to Dismiss") p. 13. But City Light's assertion of conflict

OPPOSITION TO MOTION FOR REMAND - 7
Case No. 2:21-cv-01014 (BJR)

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

and field preemption as a defense in its Motion to Dismiss has no bearing on whether this case was properly removed based on the federal questions apparent on the face of Sauk-Suiattle's Amended Complaint and necessarily implicated by Sauk-Suiattle's common law and tort law grounds for relief.[1]

### iii.   *Carrington* Establishes Federal Question Jurisdiction in this Case.

Sauk-Suiattle's Motion fails to rebut the principles of federal question jurisdiction articulated in *Carrington* and conflates jurisdictional and defensive preemption in an attempt to rebut a non-existent jurisdictional argument. In doing so, Sauk-Suiattle misapprehends the import of *Carrington*: state law claims necessarily raising a federal question may be properly removed to federal court based on federal question jurisdiction, and once in federal court, may be properly dismissed based on preemption by federal law. As in *Carrington*, the Court here should find that removal was appropriate based on federal question jurisdiction and address the questions of conflict and field preemption in the context of City Light's Motion to Dismiss.

The court in *Carrington* found that removal was proper because the plaintiffs' state law claims implicated a substantial issue of federal law. 276 F. Supp. 3d at 1042. Nonetheless, the plaintiffs' claims, once removed, were properly dismissed because the state law claims were conflict and field preempted by the FPA. *Id.* at 1045.

Sauk-Suiattle failed to address the standards set forth in *Carrington*, instead relying upon *City of Oakland v. BP PLC* to make the unnecessary point that a defense to a state law claim cannot confer federal question jurisdiction. Remand Mot. p. 2. Yet Sauk-Suiattle's claims raise exactly the same jurisdictional issues as those presented in *Carrington* and are

---

[1] City Light has put forward its substantive arguments for finding conflict and field preemption in its Motion to Dismiss. Sauk-Suiattle had the opportunity to address City Light's substantive arguments regarding preemption in its Response to Respondents' Motion to Dismiss and largely repeated arguments found in its Motion for Remand. *Compare* Dkt. No. 13 (Response to Respondents' Motion to Dismiss) pp. 8–14 *with* Remand Mot. pp. 2-10. City Light's arguments for conflict and field preemption and Sauk-Suiattle's responses are properly considered in the context of the Motion to Dismiss.

OPPOSITION TO MOTION FOR REMAND - 8
Case No. 2:21-cv-01014 (BJR)

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

similarly subject to removal and dismissal. Sauk-Suiattle's state law nuisance claim necessarily requires the application of federal law. *See supra* II.B.i. City Light addresses why Sauk-Suiattle's claims are preempted in its Motion to Dismiss. *See* Mot. to Dismiss p. 13. As in *Carrington*, this Court should find that removal was proper and address City Light's conflict and field preemption arguments within the context of the Motion to Dismiss.

### III.    CONCLUSION

Sauk-Suiattle has failed to address or rebut City Light's actual grounds for removal to federal court. Removal is appropriate because this Court has jurisdiction over the substantial federal questions raised on the face of the Amended Complaint and because Sauk-Suiattle's common law and tort claims implicate substantial issues of federal law. The Court should deny Sauk-Suiattle's Motion for Remand.

DATED this 19th day of August, 2021.


K&L GATES LLP

By:  s/ Elizabeth Thomas
       Elizabeth Thomas, WSBA # 11544
       Kari L. Vander Stoep, WSBA # 35923
925 Fourth Avenue, Suite 2900
Seattle, WA  98104
Phone:  (206) 623-7580
Fax:  (206) 623-7022
                E-mail:   Liz.Thomas@klgates.com
                             Kari.Vanderstoep@klgates.com
Attorneys for Respondents

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA. 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1

2                              **CERTIFICATE OF SERVICE**

3          I certify that on August 19, 2021, I arranged for electronic filing of the foregoing

4  document with the Clerk of the Court using the CM/ECF system, which will send notification

5  of such filing to the following:

6          Jack W. Fiander
           Towtnuk Law Offices Ltd.
7          Sacred Ground Legal Services, Inc.
           5808A Summitview Avenue #93
8          Yakima, WA  98908
           (509) 969-4436 or (509) 961-0096
9          towtnuklaw@msn.com

10         Kehl Van Winkle
11         Maglio Christopher & Toale, P.A.
           1325 Fourth Avenue, Suite 1730
12         Seattle, WA 98101
           (888) 952-5242
13         kvanwinkle@mctlaw.com

14         Altom M. Maglio
15         Maglio Christopher & Toale, P.A.
           1605 Main Street, Suite 710
16         Sarasota, FL 34236
           (888) 952-5242
17         amm@mctlaw.com

18

19         DATED this 19th day of August, 2021 at Seattle, Washington.

20

21                                        By  s/Dawnelle Patterson
                                              Dawnelle Patterson, Practice Assistant
22                                            Dawnelle.patterson@klgates.com

23

24

25

26

OPPOSITION TO MOTION FOR REMAND - 10
Case No. 2:21-cv-01014 (BJR)