The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In Re:

SAUK-SUIATTLE INDIAN TRIBE,
Plaintiff,

v.

CITY OF SEATTLE and SEATTLE
CITY LIGHT, a subdivision of the
City of Seattle,
Defendants.

NO. 2:21-cv-1014

**ORDER DENYING PLAINTIFF'S
MOTION FOR REMAND**

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Remand of this case to the Superior Court of the State of Washington for Skagit County, from which Defendants removed it. Plaintiff is the Sauk-Suiattle Indian Tribe, a tribal nation with an address at Darrington, Washington. Am. Compl., ¶ 2.A., Dkt. No. 1, Ex. A to Notice of Removal. Plaintiff named as "Respondents" the City of Seattle and a subdivision thereof, Seattle City Light.[1] Plaintiff filed a complaint seeking a declaration that the "presence and operation" of the Gorge Dam, a hydroelectric dam owned and operated by Defendants on the Skagit River in Newhalem,

---

[1] Seattle City Light is not a distinct legal entity. Nevertheless, the Court will refer to City Light and the City of Seattle, collectively, as "Defendants."

ORDER DENYING MOTION
FOR REMAND

- 1

1   Washington, violates the constitutions of Washington and the United States, in addition to state

2   and federal law, by blocking the passage of fish within the Skagit River. For the following

3   reasons, the Court concludes that it has federal subject-matter jurisdiction over Plaintiff's claims,

4   and denies Plaintiff's Motion for Remand.

## II.   BACKGROUND

6       The Gorge Dam in Newhalem, Washington is one of three dams comprising the Skagit

7   River Hydroelectric Project, which is owned and operated by Defendants. The dam is licensed by

8   the Federal Energy Regulatory Commission ("FERC") pursuant to the Federal Power Act

9   ("FPA"), 16 U.S.C. §§ 791a, *et seq*. In 1927, the dam was granted a 50-year license to operate by

10  FERC's predecessor agency, the Federal Power Commission ("FPC"). *See* Mot. to Dismiss, p. 3

11  (citing Order Accepting Settlement Agreement, Issuing New License, and Terminating

12  Proceeding ("1995 FERC Order"), 71 FERC 61,159, 61,552 (May 16, 1995), 1995 WL 301337).

13  Subsequent to expiration of that license in 1977, FERC issued annual licenses under the terms and

14  conditions of the original license. 1995 FERC Order, 71 FERC at 61,159, n. 1. In 1995, FERC

15  issued a Relicensing Order, authorizing operation for another 30 years. That license is scheduled

16  to expire in 2025, and the reauthorization process has already begun, involving numerous state

17  and federal agencies and other stakeholders, including Plaintiff.

18      The Gorge Dam spans the width of the Skagit River and does not currently allow for the

19  passage of migrating fish. Am. Compl., ¶¶ 4.B, 4.C. Plaintiff originally filed its complaint in

20  Skagit County Superior Court, claiming that the "presence and operation" of the dam and in

21  particular, Defendants' failure to provide for fish passage, violate provisions of the United States

22  and Washington Constitutions and state and federal statutes. *Id*., ¶¶ 5.A., 5.B. Plaintiff also claims

23

24  ORDER DENYING MOTION
    FOR REMAND

25   - 2

the dam constitutes a nuisance, and alleges state common law violations. *Id.*, ¶¶ 5.C., 5D. Plaintiff

seeks equitable relief, including a declaration that Defendants are in violation of the law, and an

injunction requiring Defendants to provide a means for migratory fish species to bypass the dam.

*Id.*, ¶¶ 6.A.-6.D.

Defendants timely removed this action, contending that the Court has subject matter and

supplemental jurisdiction over Plaintiff's claims. *See* Notice of Removal, ¶ 6 (citing 28 U.S.C. §§

1331, 1367(a)), Dkt. No. 1. More specifically, Defendants have asserted (1) that the Court has

federal question jurisdiction because Plaintiff's claims "arise under the laws of the United States,"

and (2) that Plaintiff's state claims "are so related to claims" over which this Court has original

jurisdiction "that they form part of the same case or controversy under Article III of the United

States Constitution." *Id.*

## III.   DISCUSSION

### A.  Federal Question Jurisdiction Over State-Law Claims

A defendant may remove to federal court any case filed in state court over which the

federal court would have original jurisdiction. 28 U.S.C. § 1441(a). Federal question jurisdiction

exists over "civil actions arising under the Constitution, laws, or treaties of the United States." 28

U.S.C. § 1331. "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil

action arises under federal law for purposes of § 1331 when a federal question appears on the face

of the complaint." *City of Oakland v. BP PLC,* 969 F.3d 895, 903 (9th Cir. 2020) (citing

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). As the party asserting federal jurisdiction,

the burden is on Defendants to establish they are entitled to remain in federal court. *See Gaus v.*

*Miles*, 980 F.2d 564, 566-67 (9th Cir. 1992).

ORDER DENYING MOTION
FOR REMAND

In this case, Plaintiff seeks only declaratory and injunctive relief under RCW 7.24.010, the Washington Declaratory Judgments Act. However, "federal question jurisdiction encompasses more than just federal causes of action. Federal courts have jurisdiction to hear 'cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Indep. Living Ctr. of S. California, Inc. v. Kent*, 909 F.3d 272, 278 (9th Cir. 2018) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983)). A question of federal law is "substantial" enough to establish jurisdiction if the federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disturbing the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

**B.  Whether Plaintiff's Claims Raise Substantial Federal Issue; Supplemental Jurisdiction**

In their Notice of Removal, Defendants claim this Court has jurisdiction over "the substantial federal question of whether the presence and operation of the Gorge Dam" violates the Washington Constitution, and/or the Supremacy Clause of the U.S. Constitution. These claims are based on two federal "Congressional Acts" referenced in the amended complaint. *See* Notice of Removal, p. 4-5 (quoting Am. Compl., ¶¶ 5.A.-B., 6.A.-B.). Defendants argue that Plaintiff's other two claims, for nuisance and violation of Washington common law, also "necessarily raise a federal issue under the FPA" and Defendants' FERC license issued thereunder. Notice of Removal, p. 6. In the alternative, Defendants claim the Court has supplemental jurisdiction over Plaintiff's state nuisance and common-law claims, "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the

ORDER DENYING MOTION
FOR REMAND

- 4

United States Constitution." Notice of Removal, p. 9 (citing 28 U.S.C. § 1367).

The first task for the Court, therefore, is to determine whether Plaintiff's constitutional claims necessarily raise a disputed, substantial federal issue. *Gunn,* 568 U.S. at 258. In this case, the amended complaint, on its face, does indeed raise a number of federal questions. Most obviously, Plaintiff avers under the heading "Claims for Relief" that Defendants' actions "violate[] Article VI, ¶ 2 of the United States Constitution providing that the laws of the United States are the Supreme Law of the nation," and seeks a declaration that "the presence and operation of respondent's dam violates the Supremacy Clause of the United States Constitution in that respondent is subject to the prohibitions against dams that block fish migration contained in Congressional Acts binding within what is now the State of Washington." Am. Compl., ¶¶ 5.B, 6.B. In arguing its complaint does not raise a federal question, Plaintiff fails even to acknowledge its claim that Defendants' actions somehow violate the federal Supremacy Clause, let alone explain how that claim escapes federal jurisdiction. Although the complaint does not reveal the legal theory underpinning the Supremacy Clause claim, that claim is undoubtedly "substantial," judging by its prominent iteration (and reiteration) in the complaint; it forms the basis for one of only four "Claims for Relief" articulated in the complaint, and one of four of the declarations sought. In addition, Defendants dispute they are in violation of the Supremacy Clause, or that the provision prohibits them from operating the dam as they currently do. The Court concludes the Supremacy Clause claim raises a substantial and disputed federal issue sufficient to establish this Court's jurisdiction.

The face of the complaint reveals another, independent basis for this Court's jurisdiction: the federal statutes on which Plaintiff's claims are based. They include (1) the Act to Establish the

ORDER DENYING MOTION
FOR REMAND

- 5

Territorial Government of Oregon, ch. 177, 9 Stat. 323 (1848), establishing the Oregon Territory (including an area that would later become Washington), which provides in relevant part that "the rivers and streams of water in said Territory of Oregon in which salmon are found, or to which they resort, shall not be  obstructed by dams or otherwise;" and (2) the Act to Establish the Territorial Government of Washington, ch. 90, 10 Stat. 172 (1853), establishing the Washington Territory. Indeed, Plaintiff devotes an entire section of its complaint, titled "Congressional Acts," to these federal statutes, and appends the relevant sections of the statutes to its complaint at Exhibits A and C, and a statement by U.S. Representative Grinnell supporting the ban on dams blocking fish passage, at Exhibit B.

Nevertheless, Plaintiff argues that the statutes on which its claims are based are state, not federal. Its argument is that upon becoming a state, Washington incorporated these statutes into state law by way of its constitution, which provides, in relevant part, that "[a]ll laws now in force in the Territory of Washington . . . shall remain in force." Washington Const., Art. XXVII, Sec. 2. However, Plaintiff expressly and necessarily asks a court to interpret the text of these statutes; to divine the intent of Congress in passing them; and to determine whether or not they were incorporated into state law, and/or were repealed by subsequent acts of Congress. *See e.g.*, Mot. at 11 ("[T]his is a case of statutory construction, the question being whether enactment of the Federal Power Act terminated the obligation embodied in the 1848 and 1853 statutes requiring that dams have fish passage."); Pl.'s Rep. at 3 ("[T]he construction and determination of the applicability of certain federal statutes may be necessary for the state court to perform in order to resolve plaintiff's claims."); *id*. at 6 ("[T]he United States Congress saw fit in the exercise of its federal powers to impose that restriction [concerning fish passage] upon Washington Territory.").

ORDER DENYING MOTION
FOR REMAND

 - 6

Indeed, the very basis for Plaintiff's Supremacy Clause claim appears to be that the State is bound by these supreme federal laws. Am. Compl., ¶ 6.C. (dam "violates the Supremacy Clause of the United States Constitution" because "Congressional Acts" of 1848 and 1853 are "binding within what is now the State of Washington.").

Under these circumstances, the Court concludes that Plaintiff's federal constitutional and statutory claims—raising not only substantial, but pivotal federal issues apparent on the face of the complaint—provide an adequate basis to assert this Court's jurisdiction. *See Indep. Living Ctr. of S. California,* 909 F.3d at 279 (federal issue is sufficiently substantial where it is "central point of dispute.") (citation omitted).

The only remaining question is whether the Court should exercise supplemental jurisdiction over Plaintiff's state nuisance and common-law claims.[2] The exercise of supplemental jurisdiction is appropriate where state-law claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (finding supplemental jurisdiction allows parties to append state law claims over which federal courts would otherwise lack jurisdiction to federal claims, so long as "[t]he state and federal claims ... derive from a common nucleus of operative fact"). Plaintiff's various causes of action all center on a single, discrete issue; whether Defendants may continue to operate the Gorge Dam in the absence of a passageway for fish. Teasing out the state claims from the federal and having them proceed in two separate court systems would be both difficult, and an inefficient use of judicial

---

[2] Because the Court concludes that supplemental jurisdiction is appropriate, it declines to reach the question of whether Plaintiff's nuisance and common-law claims, independent from the constitutional and statutory claims, raise substantial federal issues that would be sufficient to establish federal question jurisdiction.

ORDER DENYING MOTION
FOR REMAND

- 7

resources. Indeed, not even Plaintiff requests such piecemeal remand. The Court concludes that exercising supplemental jurisdiction over Plaintiff's state-law claims is appropriate in this case.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Remand.

DATED this 9th day of November, 2021.



Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING MOTION
FOR REMAND

- 8